MEMORANDUM ***
John Wichterman appeals pro se from the district court's judgment affirming the Commissioner’s final decision denying his application for disability insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s order upholding the Commissioner’s denial of benefits. Gillett-Netting v. Barnhart, 371 F.3d 593, 595 (9th Cir.2004). We will affirm the decision of the Commissioner if it is supported by substantial evidence and the Commissioner applied the correct legal standards. Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). We affirm.
The administrative law judge (“ALJ”) provided specific, legitimate reasons for disregarding the opinions of Drs. McRae, Bot, and Toews. These reasons include the facts that the doctors’ reports were inconsistent with each other, depended in part on Wichterman’s non-credible self-reporting, and were contradicted by the opinion of Dr. McKnight, who examined Wichterman and conducted a longitudinal review of his medical history. See Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995) (ALJ may reject opinion of a treating or examining physician for specific and legitimate reasons that are supported by substantial evidence in the record).
The ALJ provided “clear and convincing” reasons supported by substantial evidence for finding Wichterman’s testimony not credible. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002). The record contains numerous inconsistencies in Wichterman’s statements, including his testimony regarding his drug and alcohol use, legal history, and educational history.
Substantial evidence supports the ALJ’s finding that Wichterman’s pulmonary conditions do not preclude him from performing light work, including objective test results and statements of Wichter-man’s treating physicians. See 20 C.F.R. §§ 404.1545(a), 416.945(a) (in determining a claimant’s residual functional capacity, an ALJ must assess all the evidence— including the claimant’s and others’ descriptions of limitation, and medical reports—to determine what capacity the claimant has for work despite his impairments).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.